**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YUN CHEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1905-J** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Yun Chen, a citizen of China proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

- Petitioner alleges he is citizen of China who entered the United States on or about November 29, 2022, without inspection or parole. (Doc. 1, at 13).

- Petitioner contends he was "briefly detained" by United States Customs and Border Protection and released into the United States on his own recognizance. (*Id.*)

- Petitioner asserts he was re-detained by ICE on May 15, 2026, and he has remained continuously detained since. (*Id.* at 7, 14).

- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing. (*Id.* at 2, 7).

- Petitioner's proceedings before the immigration court are ongoing. EOIR Case Information https://acis.eoir.justice.gov/en/ (last accessed Oct. 20, 2026).

- Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His detention violates the INA and its implementing regulations. (*Id.* at 16).

2. His detention violates the Due Process Clause. (*Id.* at 17).

3. His detention violates the Administrative Procedure Act. (*Id.* at 17-18).

As relief, Petitioner requests his immediate release from custody. (*Id.* at 19). Alternatively, he requests an individualized bond hearing within seven days at which the government bears the burden of proof to justify Petitioner's detention by clear and convincing evidence. (*Id.*)[2]

[2] Petitioner also seeks other relief beyond his release or bond hearing, (Doc. 1, at 14-15, 17), but the relief recommended is limited to what is described below. Petitioner's request

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that "this matter is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 14, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*)

In Reply, Petitioner contends that Respondents' concession in the response brief "resolves the merits." (Doc. 15, at 3). But he argues that the remedy is not resolved, and the Court should either order his release or conduct the bond hearing itself rather than order a bond hearing in front of an Immigration Judge. (*Id.* at 4-13). He argues an Immigration Judge is not a neutral decisionmaker and a hearing in front of one "would be the functional equivalent of . . . mandatory detention."[3] (*Id.* at 5-10). He further argues that the government should bear the burden of proof at a bond hearing. (*Id.* at 12-13).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v.*

---

for fees and costs under the Equal Access to Justice Act is premature. *See* 28 U.S.C. § 2412(d)(1)(B); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).

[3] To the extent Petitioner raises this new argument in reply, it is untimely. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule" "that a party waives issues and arguments raised [ ] for the first time" in a reply brief); *Stillwater Designs & Audio Inc. v. Klein*, No. CIV-24-784-SLP, 2025 WL 365651, at *2 n.7 (W.D. Okla. Jan. 31, 2025) (declining to consider arguments raised for the first time in reply).

*Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.**

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing before an immigration judge is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[4]

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's other claims.

[4] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by October 27, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 20th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").